IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Harmon B. Lowe, | ) | C/A No.: 3:07-1766-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Harmon B. Lowe, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income (SSI) benefits and disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for benefits in 2003, alleging disability since November 17, 1997 due to back, hip, and shoulder disorders and reflux disease, depression, and anxiety disorders. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on June 26, 2006. At the hearing, the plaintiff's counsel stated that the claimant returned to work for a period of time but that he had been unable to work since June 15, 2003. The ALJ thereafter denied plaintiff's claims in a decision issued October 24, 2006. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant is a forty-five year-old male who has a twelfth grade education. His past work experience includes employment as a loader, car lot checker, office account manager, yard laborer, security officer, and security supervisor. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since June 15, 2003 (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b)

and 416.971 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease and an anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work with restrictions requiring lifting and/or carrying 20 pounds occasionally, ten pounds frequently; only occasional climbing, balancing, stooping, kneeling, crouching, or crawling; and due to medication side effects and anxiety, he would be precluded from working around large crowds.

6. The claimant is capable of performing past relevant work as a security guard. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a "disability," as defined in the Social Security Act, from November 17, 1997 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth

in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On July 23, 2008, Magistrate Joseph R. McCrorey filed a report and recommendation ("R&R") suggesting that the commissioner's decision be affirmed. The plaintiff

4

filed objections to the R&R on August 25, 2008.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Evaluation of the Plaintiff's RFC and Ability to Perform Past Work**

In his objections to the R&R, the plaintiff first contends that the ALJ failed to properly evaluate his residual functional capacity. He alleges that the ALJ did not "provide a full, comprehensive RFC assessment that included a function by function assessment of the Plaintiff's physical abilities" and that he failed to explain the weight given to Dr. Edmund Gaines' opinion (Objections, p. 1).[1] Plaintiff also argues that the ALJ did not make findings as to the plaintiff's ability to sit, stand, and walk as it relates to his ability to perform his past work as a security guard. He requests that the case be remanded for the ALJ to perform a full functional assessment of the plaintiff's ability to sit, stand, and walk and to also take into account the opinions of all of the treating and examining experts. In addition, he requests a remand for consideration by the ALJ of

---

[1] Dr. Gaines states in his report, "I doubt the examinee would ever be a candidate for any occupation which required prolonged standing, stooping, lifting, bending or climbing." He concluded the plaintiff "would be a candidate for a sedentary occupation."

5

the plaintiff's ability to perform past work, including an analysis of the plaintiff's stated reasons for being unable to perform this work, those being the side effects of his medication and his inability to sit or stand for more than 10 or 15 minutes at a time, referencing SSR 82-62.

The ALJ found the claimant has the RFC "to perform work with restrictions requiring lifting and/or carrying 20 pounds occasionally, ten pounds frequently; only occasional climbing, balancing, stooping, kneeling, crouching, or crawling; and due to medication side effects and anxiety, he would be precluded from working around large crowds." (Admin. Record, p. 15).

However, a review of the record reveals that while the ALJ summarized some of the medical evidence, his RFC assessment does not comply with Social Security Ruling 96-8p and 20 C.F.R. § 404.1545(b). SSR 96-8p provides:

> The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.
>
> RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.
>
> Also, 20 C.F.R. 404.1545(b) (2003) provides:
>
> Physical abilities. When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing

6

> basis. A limited ability to perform certain physical demands of work
> activity, such as sitting, standing, walking, lifting, carrying, pushing,
> pulling, or other physical functions (including manipulative or postural
> functions, such as reaching, handling, stooping or crouching), may reduce
> your ability to do past work and other work.

Plaintiff asserts that the ALJ decision fails to define what ability the Plaintiff has in the areas of sitting, standing, and walking. As described by SSR 96-8p, the ALJ's failure to perform a function by function assessment leaves it unclear whether the Plaintiff would actually be able to perform the past work cited by the ALJ, given the nature of his job having some characteristics of different levels of work activity (i.e., primarily sitting, but with characteristics of light work and officially performed at the light level as defined by the DOT and described by the vocational expert). The Court cannot determine whether substantial evidence exists when the record is not complete as to how the ALJ arrived at the RFC without discussing any limitations on sitting, standing, or walking by the plaintiff. Nor is the record complete as to the physical and mental demands of the plaintiff's past work as a security guard.

Therefore, the case is remanded to the ALJ for a consideration of the plaintiff's RFC that includes a function by function assessment, including the plaintiff's ability to sit, stand, and walk. In doing so, the ALJ should consider the opinions of the treating and examining physicians with particular reference to the factors set forth in 20 C.F.R. § 404.1527(d) and the recommendations of Dr. Gaines. In addition, the ALJ should make a determination of the mental, physical, and other demands of his past work before reaching a Step Four finding.

**Assessment of Treating and Evaluating Physicians Opinions**

Prior Fourth Circuit precedent had established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's

treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman*, 829 F.2d at 517; *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986). On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished) ("As regulations supersede contrary precedent, the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted).

The legal standard which applies is contained in 20 C.F.R. § 404.1527. Under section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of

the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

Plaintiff contends that "even if there is sufficient cause to dismiss Dr. Moore's assessment based upon the evidence of record, such cause has not been properly explained by the ALJ. The applicable authority requires the ALJ to specifically state what aspects of Dr. Moore's notes and the objective evidence contradicts Dr. Moore's opinion, which was provided almost three years after Dr. Shannon's last treatment of the Plaintiff." Plaintiff requests the Court to remand the case for application of the factors set forth in 20 C.F.R. § 404.1527(d). While the question whether a remand is needed on this issue is a close one, the Court believes that further explanation by the ALJ regarding the opinions of the treating and evaluating physicians would permit meaningful judicial review. Therefore, on remand, the ALJ shall make findings pursuant to 20 C.F.R. § 404.1527(d) relating to Dr. Moore.

## **Conclusion**

The Court respectfully declines to adopt the Magistrate Judge's recommended disposition of this case. The action is remanded to the Commissioner for further findings as set forth above. The court notes that the plaintiff has indicated in his brief filed with this court that, if the case is remanded, he will amend his onset date to "some point in time after he stopped receiving unemployment benefits." *See* Plaintiff's Brief, p. 17.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED**.

                                                        s/R. Bryan Harwell
                                                        R. Bryan Harwell
                                                        United States District Judge

September 25, 2008
Florence, South Carolina